UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-60163-BLOOM/Valle

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.

GADDIS CORPORATION, a Florida corporation,
B&L SERVICE a Florida corporation d/b/a
Yellow Cab of Broward, and M.D., an individual,

    Defendants.
_____/

GADDIS CORPORATION, a Florida corporation,
and B&L SERVICE INC., a Florida corporation,

    Counter-Claimants,

v.

EVANSTON INSURANCE COMPANY,

    Counter-Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Plaintiff Evanston Insurance Company's Motion to Dismiss, or, in the Alternative, Motion to Strike Defendants' Counterclaim, ECF No. [11] ("Motion"). The Court has reviewed the Motion, the opposition thereto, and the record in this case and is otherwise fully advised.[1] For the reasons that follow, the Motion is denied.

---

[1] Plaintiff Evanston Insurance Company filed its Motion on March 17, 2015. After being granted an extension of time, ECF No. [15], Defendants Gaddis Corporation and B&L Service, Inc. timely filed their Response in Opposition, ECF No. [21], on April 10, 2015. Pursuant to S.D. Fla. L.R. 7.1(c), a reply memorandum was required by April 20, 2015. No such reply has been filed. Nonetheless, the Motion is now ripe for adjudication.

1

## I. INTRODUCTION

On October 9, 2014, a cab driver of Yellow Cab, Max Raphael ("Raphael"), accepted two passengers into his cab. *See* Complaint, ECF No. [1] at ¶ 11. Raphael advised the passengers that he did not accept credit cards and consequently drove the passengers to an ATM machine in order to retrieve cash for the fare. *Id.* After one passenger exited the cab, Raphael fled the area with the other passenger, M.D., still in the vehicle. *Id.* at ¶ 12. In short, Rafael took M.D. to a parking lot, dragged her out of the vehicle, and raped her. *Id.* at ¶¶ 13-15. As a result, M.D. initiated a civil action against Defendant B&L Service, Inc. d/b/a Yellow Cab of Broward for negligence, negligent infliction of emotional distress, battery, intentional infliction of emotional distress, and false imprisonment (the "Underlying Action"). *Id.* at ¶ 10; *see also* ECF No. [1-2] (containing copy of Complaint in *M.D. v. B&L Service, Inc. et al.*, Case No. 0:14-cv-62870-CMA (S.D. Fla. Dec. 17, 2014)). At the time of this horrific event, Defendants Gaddis Corporation and B&L Service, Inc. (collectively, "Defendants") were named insureds under a commercial general liability policy, No. 3C05723 (the "Policy") issued by Plaintiff Evanston Insurance Company ("Plaintiff"). *Id.* at ¶¶ 8-9. On January 27, 2015, Plaintiff commenced this action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment that, pursuant to the Policy, it has no duty to defend or indemnify any insured or additional insured in the Underlying Action. *See id.* at ¶¶ 17-27. Specifically, pursuant to both the "Absolute Professional Liability Exclusion" and the "Specified/Designated Premises/Project Limitation" endorsements, the Policy, according to Plaintiff, does not provide coverage for the injuries alleged by M.D. *See id.*

On February 24, 2015, Defendants filed their Answer, Affirmative Defenses, and Counterclaim, ECF No. [7] ("Answer"). For its affirmative defenses, Defendants assert that the aforementioned endorsements are "ambiguous as a matter of law, and do[] not and cannot

preclude coverage to these Defendants as suggested in the [C]omplaint." *Id.* at 2. Similarly, Defendants' Counterclaim seeks a declaration that Plaintiff is obligated to continue its defense in the Underlying Action and that the applicable endorsements are otherwise ambiguous. *Id.* at 2-7.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court, as a general rule, must conduct itself in a certain fashion. First, a court's review is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Second, a court is obligated to accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the

complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  The Supreme Court was clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Considered to be drastic, this remedy is often disfavored by the courts.  *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).

### III. DISCUSSION

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.  Pursuant to the plain language, a district court's ability to grant relief under the Act is permissive, and while the Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)).  Accordingly, courts retain broad discretion over whether or not to exercise jurisdiction under the Act.  *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008).  Further, the Act confers jurisdiction only "[i]n a case of actual controversy."  *See* 28 U.S.C. § 2201.  This actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus*

*Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). Additionally, because the Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party," the Act grants a court "unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (citing 28 U.S.C. § 2201(a)). Thus, when presented with a redundant counterclaim for declaratory judgment, a court may either strike or dismiss the filing.

When determining whether to exercise jurisdiction over a counterclaim, or, alternatively, whether to dismiss the same as redundant, a court must consider whether the declaratory action serves a useful purpose. *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (internal quotation omitted). In order to discern whether a declaratory action serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendant[], would resolve all questions raised by the counterclaim." *Id.* (internal quotation omitted).

Here, Plaintiff seeks a declaration that it has no duty to defend or indemnify any insured in the underlying action. The common-sense contrapositive of this is that if Plaintiff loses, it has a duty to defend and indemnify the insureds. Defendants' Counterclaim is identical, seeking a declaration that Plaintiff has a duty to defend in the underlying action. However, the Counterclaim also seeks a declaration that the endorsements at issue are ambiguous and, therefore, unenforceable. Accordingly, the Court finds that the Counterclaim is not wholly redundant and otherwise serves a useful purpose. "Even [where] the counterclaim [is] wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Medmarc*, 783 F. Supp. 2d at 1217. The Court exercises such discretion here.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion, **ECF No. [11]**, is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of May, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record